# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | ID No. 0909018475 A/B |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL T. WASHINGTON, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

Submitted: May 20, 2022
Decided: May 24, 2022

## ORDER

*Upon Defendant's Motion to Set Aside Judgment, Treated as Defendant's Third Motion for Postconviction Relief*
**SUMMARILY DISMISSED.**

*Upon Defendant's Motion to Amend and Supplement*
**MOOT.**

Carolyn S. Hake, Esquire, Deputy Attorney General, State of Delaware Department of Justice, 820 North French Street, Wilmington, DE 19801.

Michael Washington, James T. Vaugh Correctional Center, 1181 Paddock Road, Smyrna, DE, *pro se.*

**WHARTON, J.**

This 24th day of May, 2022, having considered Michael T. Washington's ("Washington") Motion to Set Aside Judgment,[1] treated as Washington's third Motion for Postconviction Relief, asking the Court to set aside it's judgment denying him postconviction relief and grant him a new trial, and his Motion to Amend Supplement,[2] it appears to the Court:

1.     In November, 2010, Washington was convicted by a Superior Court jury of two counts of each of Manslaughter and Possession of a Firearm During the Commission of a Felony ("PFDCF") in the shooting deaths of Leighton Francis and Amin Guy, and, in a subsequent bench trial, an additional severed count of Possession of a Firearm by a Person Prohibited ("PFBPP").[3]  Washington was sentenced on February 11, 2011, to eighty-six years of imprisonment at Level V, suspended after sixty-four years for decreasing levels of supervision.[4]

2.     Washington appealed his convictions to the Delaware Supreme Court. He raised two issues on appeal: (1) the prosecutor committed misconduct when she referred to a cell phone call during her opening statement, and (2) the State's ballistic expert testified at trial, contrary to his report, that bullet fragments recovered in the

---

[1] D.I. 205.
[2] D.I. 206.
[3] *Washington v. State,* 2011 WL 4908250, at *1 (Del. 2011).
[4] *Id.*

2

700 block of E. 10th Street "matched" those recovered from the victim's bodies.[5] The Delaware Supreme Court affirmed Washington's convictions.[6]

3.    On March 7, 2012, Washington filed a timely *pro se* motion for postconviction relief pursuant to Rule 61.[7] Later, Washington filed an Amended Motion for Postconviction Relief on August 7, 2012.[8] Then, on February 25, 2013, Washington filed a Motion for Appointment of Counsel.[9] After supplementation of the record by trial counsel, appointment of postconviction counsel, the State's response, and postconviction counsel's motion to withdraw, Washington filed amendments to his *pro se* motion for postconviction relief in March 2016.[10] Ultimately, Washington's postconviction relief motion was denied by the Superior Court.[11] The Supreme Court affirmed that decision.[12]

4.    On May 24, 2017, Washington filed a timely petition for federal habeas relief.[13] In April of 2019, Washington moved to stay the federal proceedings to "argue the newly discovered evidence in the Superior Court in order to properly

---

[5] *Id*., at *3-4.
[6] *Id.*
[7] D.I. 64.
[8] D.I. 77.
[9] D.I. 95.
[10] D.I. 139.
[11] *State v. Washington,* 2016 WL 6248462 (Del. Super. 2016).
[12] *Washington v. State,* 2017 WL 1573119 (Del. 2017).
[13] State's Resp. to Def.'s Second Mot. for Postconviction Relief, at 4, D. I. 182.

3

exhaust his remedies and avoid any procedural issue[s]… in this district court."[14] The District Court granted his motion and stayed the matter.[15]  On August 30, 2019, Washington filed his second *pro se* Motion for Postconviction Relief and a Motion for Appointment of Counsel.[16]  On September 9, 2019, the Court directed the appointment of counsel.[17]  Then, through counsel, Washington filed an amended second motion on April 28, 2020.[18]  The State filed its Response on March 1, 2021.[19] Next, postconviction counsel sought, and was granted a stay of his reply until the Delaware Supreme Court issued its opinion in *Purnell v. State*.[20]  That opinion was issued on June 17, 2021. Washington filed reply to the State's response on July 27, 2021.[21]  The State responded to Washington's reply on Aug. 26, 2021.[22]

5.      In his second postconviction relief motion, Washington contended he was entitled to postconviction relief because newly discovered evidence created a strong inference that he was "actually innocent."  He argued three pieces of new evidence existed that undermined confidence in the result of his trial.  First, inmate

---

[14] Def.'s Second Mot. for Postconviction Relief, at 9, D.I. 173.
[15] *Id.*
[16] Def.'s Mot. for Postconviction Relief, D.I. 163, 164.
[17] D.I. 165.
[18] Def.'s Second Mot. for Postconviction Relief, D.I. 173.
[19] State's Resp. to Def.'s Second Mot. for Postconviction Relief, D.I.
[20] 254 A.3d 1053 (Del. 2021).
[21] Def.'s Second Mot. For Postconviction Relief Reply to State's Resp., D.I. 197.
[22] State's Resp. to Def.'s Reply Brief, D.I. 199.

witness Christopher Waterman ("Waterman") recanted his testimony.[23] Second, inmate witness Isaiah Fields ("Fields") was the beneficiary of a tacit sentence reduction agreement that was not disclosed to the defense, resulting in a *Brady* violation.[24] Third, the State's expert ballistics witness, Forensic Firearms Examiner Carl Rone ("Rone") misled the jury by misrepresenting his credentials and his identification methods have been shown to be "subjective and unreliable."[25] The State argued Washington was procedurally barred from asserting a claim under Rule 61 because: (1) it was untimely; (2) it was a successive motion; and (3) his claims related to Fields and Rhone were not raised on direct appeal or in his first postconviction relief motion.[26] Additionally, the State argued that Washington had failed to overcome the bars to relief erected by Rule 61 because his claims were neither newly discovered, nor did they establish actual innocence.[27]

6. On November 9, 2021, this Court denied Washington's Second postconviction relief motion.[28] This Court held that Washington's motion was procedurally barred under Rule 61 because it was untimely, successive, and raised grounds not asserted previously. Further, the Court held that Washington failed to

---

[23] Def.'s Second Mot. for Postconviction Relief, at 12, D.I, 173.
[24] *Id.*
[25] *Id.*
[26] State's Resp. to Def.'s Second Mot. for Postconviction Relief, at 11-15, D.I. 182.
[27] *Id.*, at 9.
[28] *State v. Washington,* 2021 WL 5232259 (Del. Super. Ct. Nov. 9, 2021).

overcome those bars because the evidence he produced was either not newly discovered, failed to establish actual innocence, or both.[29] The Delaware Supreme Court affirmed this Court on April 7, 2022.[30]

7.    Washington now asks the Court to set aside its judgment denying his second postconviction relief motion and grant him a new trial. He moves under Superior Court Civil Rules 60(b)(1), (3) and (6) and 55(c).[31] Rules 60(b)(1), (3) and (6) permit relief from a judgment due to mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation, or other misconduct by an adverse party, or any other reason justifying relief. Rule 55(c) provides for relief from default judgments. A second motion, captioned Motion to Amend and Supplement appears only seek to amend the motion to include a reference to Superior Court Criminal Rule 57(d). That rule allows the application of an appropriate civil rule when no criminal rule applies.

8.    Superior Court Criminal Rule 61 is the exclusive remedy for inmates seeking to set aside a judgment of conviction on any ground that is a sufficient factual and legal basis for a collateral attack on a criminal conviction.[32] Accordingly, to the extent this Motion seeks to set aside the Defendant's convictions, the Court

---

[29] *Id.*
[30] *Washington v. State,* 2022 WL 1041267 (Del. 2022).
[31] D.I. 205.
[32] Super. Ct. Crim. R. 61(a)(1) and (2).

treats it as a motion under Rule 61. Since the Superior Court Criminal Rules do provide for a procedure for addressing the Defendant's claims for relief from his judgment of conviction, Superior Court Civil Rules 60 and 55 are not made applicable by Criminal Rule 57(d). Civil Rules 60 and 55 cannot serve as a vehicle for obtaining relief in Washington's criminal case.[33]

9.   Treating the Motion as one under Rule 61, the Court finds that it is barred for substantially the same reasons the Court found his previous postconviction motion was barred – it is untimely, successive, and fails to present newly discovered evidence or actual innocence. Additionally, the claims raised in this motion were formerly adjudicated in Washington's last motion.[34]

10.   Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[35] Here, it is plain to the Court from the Motion and the record in this case that Washington is not entitled to relief.

11.   Because granting the Motion to Amend and Supplement would have no effect on the Court's determination that the Motion to Set Aside Judgment, treated as Washington's third Motion for Postconviction Relief must be summarily dismissed, the Court deems the Motion to Amend and Supplement to be **MOOT.**

---

[33] *See, Fatir v. State,* 2019 WL 5295397 (Del. 2019).
[34] Super. Ct. Crim. R. 61(i)(4)
[35] Super. Ct. Crim. R. 61(d)(5).

**THEREFORE**, since it plainly appears from Motion and the record in this case that Washington is not entitled to relief, the Motion, treated as a third Motion for Postconviction Relief is **SUMMARILY DISMISSED.** The Motion to Amend and Supplement is **MOOT.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.